Eugene B. Kent *et al.* Defendants in Error, *vs.* Joseph
T. Barger, Plaintiff in Error.

*Opinion filed June 16, 1914.*

1. Co-tenancy—*outstanding title acquired by one co-tenant in-
ures to benefit of all.* A tenant in common in possession cannot
acquire color of title in himself to the whole of the premises by
procuring an outstanding adverse title, but the title so acquired in-
ures to the benefit of all the tenants in common.

2. Same—*when rights of co-tenants are not barred by delay.*
Delay for less than the statutory period of limitation in asserting
rights to land will not bar the rights of co-tenants as against the
co-tenant in possession, unless the delay is accompanied by some
other element rendering it inequitable to permit the assertion of
such rights.

Writ of Error to the Circuit Court of Gallatin county;
the Hon. E. E. Newlin, Judge, presiding.

W. R. McKernon, and W. F. Scott, for plaintiff in
error.

Bartley, Logan & Bartley, for defendants in error.

Mr. Justice Carter delivered the opinion of the court:

This was a bill for the partition of eighty acres of land
in Gallatin county and for an accounting, filed in February,
1911, in the circuit court of that county, by defendants in
error. After the pleadings were settled the matter was re-
ferred to a special master in chancery, who reported his
conclusions of law and fact. A decree was thereafter en-
tered by the chancellor granting partition and setting forth
the interests of the respective owners, and requiring that
certain payments should be made by some of the defend-
ants in error to settle accounts between the parties. This
writ of error has been sued out from that decree.

The eighty acres in question were formerly owned by
George D. Barger, who died in 1889, leaving a widow and

Joseph T., (the plaintiff in error,) Nathaniel B. and Maude
E. Barger and Lucy G. Brazier, (formerly Lucy G. Bar-
ger,) his children, and Eugene B. Kent and George S.
Kent, his grandchildren, (sons of a deceased daughter,) as
his only heirs-at-law. In 1888 George D. Barger and his
wife mortgaged the eighty-acre tract to William W. Gray
for $450, at eight per cent interest, due in five years. At
the time of his death Barger left the eighty acres in ques-
tion, chattel property appraised at $559.85 and a small
amount of other personal property. The widow's award
was fixed at $915. All of the chattels were turned over
to her on her award and she filed a receipt for the same.
The administrator filed a report showing a balance due him
of $491.80, which he remitted, and the estate was closed in
1891. Lucy Barger, the widow, died within a month of
her husband's death. No administration was taken on her
estate. George D. Barger resided on the eighty-acre tract
at the time of his death. The widow and unmarried chil-
dren continued to reside there, as did also the two Kent
grandchildren. The oldest son, the plaintiff in error, Jo-
seph T. Barger, seemingly took charge of the farm, being
also appointed administrator of his father's estate. After
the mother's death he continued in charge of the farm, the
two unmarried children, Nathaniel and Maude, and the
Kent grandchildren, still residing with him. William W.
Gray died before the note secured by mortgage on the said
eighty-acre tract was paid. His administrators instituted
foreclosure proceedings in the circuit court of Gallatin
county, all necessary parties being brought into court. A
decree of foreclosure was entered and a master's sale held
April 3, 1897, the eighty-acre tract being bid in for $575
(the amount of the debt, interest and costs,) by the ad-
ministrators of the Gray estate and a master's certificate of
sale was issued to them. Shortly thereafter this certificate
of sale was sold and assigned to plaintiff in error, Joseph
T. Barger, by said administrators, and later a master's deed

for the eighty-acre tract was issued to him, August 16, 1898, he paying to the administrators of the Gray estate the amount they had paid for said land at said sale. At the time of said sale, as well as at the time of the purchase of said certificate by said plaintiff in error, he was occupying and managing said eighty-acre tract of land. On August 5, 1891, Lucy Brazier and her husband by deed conveyed to plaintiff in error the undivided one-fifth of said land, the consideration being $300. Plaintiff in error also agreed to purchase the one-fifth interest of his brother, Nathaniel Barger, in the land. The evidence is not clear as to what he agreed to pay for it. As a matter of fact he only paid $50. Nathaniel Barger filed a disclaimer in this suit as to any rights in the premises and testified that he had sold his interest to plaintiff in error. Shortly after the master's deed was issued to him plaintiff in error obtained a quit-claim deed from those who had, as minors, conveyed by guardian to his father, to correct an alleged defect in the original guardian's deed. This last deed was dated December 19, 1898. Maude Barger kept house for her brother and the two Kent boys for some time after her father's death. Plaintiff in error was married about 1891. The two Kent boys lived with him until after his marriage. The youngest Kent boy, George, was born November 15, 1881. They contend that they knew nothing about their interest in the land until shortly before this bill was filed. The sister, Maude Barger, claimed that she understood, until a few years before the bill was filed, that plaintiff in error was managing and controlling the land for the heirs who had not sold their interest to him and did not know the facts as to his purchasing the master's certificate of sale on the foreclosure proceedings. Plaintiff in error asserts that he always claimed to own the eighty acres after the master's deed was given to him. He has paid the taxes on this property since receiving the master's deed and has had all the income therefrom. The master found

that he had placed improvements on the property in building, etc., worth from $800 to $1000. He has never accounted, before these proceedings, to any of the other heirs for the proceeds from the farm.

It has long been the settled law in this State that a tenant in common in possession cannot acquire color of title in himself to the whole of the premises by procuring for his own exclusive benefit an outstanding, adverse title; that the title so acquired inures to the benefit of all the tenants in common. (*Carpenter* v. *Fletcher,* 239 Ill. 440; *Peabody* v. *Burri,* 255 id. 592; *Hinds* v. *Surbeck,* 260 id. 606; *Biggins* v. *Dufficy,* 262 id. 26.) Under these authorities the title obtained by plaintiff in error by the master's deed, and also by the quit-claim deed from the former grantors of George D. Barger, inured to the benefit of plaintiff in error's co-tenants in said eighty-acre tract of land.

The argument of counsel that defendants in error are barred by their own *laches* in neglecting for years (Maude Barger for nearly thirteen years and the two Kent boys from the time they became of age, eleven and nine years, respectively,) to assert their alleged rights in the land, during all of which time plaintiff in error was in open, notorious and hostile possession of the land, cannot be upheld. Delay for less than the statutory period of limitation in asserting rights to land will not bar the owner's rights unless the delay is accompanied by some other element rendering it inequitable to permit the assertion of title. (*Hinds* v. *Surbeck, supra,* and cases cited.) Nothing is found in the record to show that prejudice has resulted to plaintiff in error by reason of the non-action of defendants in error.

The decree of the trial court found that plaintiff in error, Joseph T. Barger, was the owner of three-fifths of the premises, (including with his own share the share of his sister, Lucy Brazier, and the share of his brother, Nathaniel Barger,) and that Maude Barger owned one-fifth and George S. and Eugene B. Kent each one-tenth, and

that the proportionate part of the $575 paid by Joseph T. Barger for the certificate should be paid back to him by the three defendants in error, Maude Barger paying $115 and each of the Kents $57.50, which three amounts should be liens against the respective interests of the said defendants in error. Cross-errors have been filed questioning the correctness of this last finding of the decree. The evidence as to the settlement of the estate of George D. Barger by plaintiff in error as administrator, and of the estate of the mother, Lucy Barger, is not clear as to details. Plaintiff in error contends that he paid out his own money at that time to settle claims against his father's estate and to purchase the master's certificate and has never been reimbursed therefor, while defendants in error contend that the proceeds from the farm received and retained by plaintiff in error, as shown on this record, fairly exceeded all outlays by plaintiff in error as to said eighty-acre tract, including any expenses that he may have been to in settling the estate of his father and mother, and also the amount paid out by him for the purchase of the master's certificate from the Gray estate and the cost of the improvements placed by him on said farm. No accurate account was kept by plaintiff in error as to these transactions and no definite information is obtainable as to these receipts and disbursements. The testimony as to the probable income of the farm and the cost of the buildings varies widely. The findings of the circuit court on this point appear to be supported by the facts in the record.

Defendants in error, under cross-errors, further contend that plaintiff in error purchased the one-fifth interest of his sister, Lucy G. Brazier, with the proceeds received from the farm, and that such purchase created a resulting trust in him for the benefit of the other heirs, and that the decree should have so found. We cannot so hold. They further contend that the share formerly belonging to the brother, Nathaniel Barger, in which he disclaimed all in-

terest on the trial of this cause, should have been credited to all the heirs and not to plaintiff in error alone, as he (Nathaniel) had never conveyed his interest to his brother. The legal title at the time of the trial was in Joseph T. Barger, and the manifest intention of Nathaniel in disclaiming, as shown by his testimony, was to allow his brother, the plaintiff in error, to keep the share which he (Nathaniel) had formerly owned. The findings of the decree as to the interests of Lucy Barger and Nathaniel Barger were correct.

The decree of the circuit court is affirmed.

*Decree affirmed.*